White, J.
We find no error in the judgment of the District Court.
It is unnecessary to determine whether the stipulation contained in the deed in question is to be regarded, technically, as a covenant running with the land. However this may be, it has, in equity, the effect of such covenant as against the grantee and his assigns.
The stipulation relates to the mode in which the premises conveyed are to be enjoyed, and qualifies the estate. This limitation on the use enters into the consideration of the ’ conveyance; and if not unlawful, it ought, upon plain principles of justice, to be enforced.
The law does not prohibit a grantor from imposing limitations or restrictions on the estate, nor does it require the grantee to take a greater interest than he purchases. If the effect of the stipulation is not to accomplish an illegal purpose, it is lawful; and where it affects the land or the mode of its enjoyment, its effect is to bind all deriving title under the conveyance in which the restriction is found.
That similar stipulations and restrictions in conveyances have been enforced, both as against the grantee and his assigns, is abundantly shown by the authorities. Barrow v. Richard, 8 Paige, 351; Whiteman v. Gibson, 9 Simons, 96; Western v. McDermott, 2 Law R. Ch. Ap. 72; Wilson v. Hart, 1 Law R. Ch. Ap. 463; Tulk v. Moxhay, 2 Ph. Ch. 774; Atlantic Dock Co. v. Leavitt, 54 N. Y. 37.
It is claimed in argument that the restriction is void as being in restraint of trade.
This claim can not avail. It is not a contract in general restraint of trade, but is limited in its application to a specific parcel of real property, and forbids its use to a particular business.
The consideration is sufficient, for the restriction formed a material part of the consideration by which the property was obtained, and, under the circumstances, must be regarded as reasonable and not oppressive.
In regard to the claim that the plaintiff’s remedy is by action for damages, it is sufficient to say the remedy sug *584 •gested is inadequate. The cause of action is continuous, and the nature of the damages such as not to be susceptible •of proper assessment by a jury.

Leave refused.

McIlvaine, C. J., Welch, Rex, and Gilmore, JJ., concurred.